12 CIV. 1420

| PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
|---|

## United States District Court for the Southern District of New York

Name

D'Juan Collins

Prisoner Identification No.

08A4646

Place of Confinement

Fishkill Correctional Facility
Box 1245
Beacon, N.Y. 12508

RECEIVED
FEB 23 2012
PRO SE OFFICE

Name of Petitioner (include name under which convicted)

D'Juan Collins

**v.**

Name of Respondent (warden or superintendent of your prison)

William J. Connolly

## PETITION

1. Name and location of court which entered the judgment of conviction under attack N.Y. Supreme Court, 111 Centre St., Judge Rena Uviller on Suppression Hearing; Judge Lewis Bart Stone on jury trial

2. Name and address of lawyer who represented you Pro Se on Suppression Hearing and trial; Patrick Megaro Esq at sentence and direct appeal, 626 RXR Plaza, 6th flr. West Tower, Uniondale, N.Y. 11556;

3. Date of judgment of conviction ___ August 15, 2008

4. Length of sentence ___ 8 years and 3 years Post Release Supervision

5. Nature of offense involved (all counts) criminal sale in 3rd degree PL.220.39(1); criminal possession of a controlled substance in 3rd degree PL. 220.16(1); criminal possession of a controlled substance in 5th degree PL. 220.06(5)

6. What was your plea? (Check one)

  (a)  Not guilty  ☒

  (b)  Guilty  ☐

  (c)  Nolo contendere  ☐

If you entered a guilty plea to one count of indictment, and not a guilty plea to another count of indictment, give details:

NOT APPLICABLE

7. If you pleaded not guilty, what kind of trial did you have? (Check one)

7. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a)   Jury            ☒☒
   (b)   Judge only     ☐

8. Did you testify at the trial?
   Yes ☒        No ☐

9. Did you appeal from the judgment of conviction?
   Yes ☒        No ☐

10.  If you did appeal, answer the following:

   (a)   Name of court   First Department Appellate Division

   (b)   Name and address of lawyer who represented you
         Patrick Megaro Esq. on main brief; Pro Se Supplemental Brief
         626 RXR Plaza, 6th flr. West Tower, Uniondale, N.Y. 11556
   (c)   Result         affirmed   (see exhibit A)

   (d)   Date of result and citation, if known   October 5, 2010

   (e)   Grounds raised   Pro Se Supplemental Brief- Ineffective Assistance of
         counsel; Denied due process rights to a "full & fair hearing"
         (see exhibit B) attached
   (f)   If you sought further review of the decision by appeal to a higher state court, please answer the following:

      (1) Name of court   N.Y. Court of Appeals

      (2) Name and address of lawyer who represented you   Pro Se on leave letter (see exhibit C)

      (3) Result   No question of law that ought to be reviewed (exhibit D)

      (4) Date of result and citation, if known   February 24, 2011

      (5) Grounds raised    Ineffective assistance of counsel; Whether due process
          rights were violated during suppression hearing...which worked to
          deprive petitioner of his 4th Amend claim and contrary to clearly
          established statutory mandates and state and federal precedents;
          (see exhibit C) hearing court failed to make impartial & adequate factual findings and
                          conclusions of law
   (g)   If you filed a petition for Writ of Certiorari in the United States Supreme Court, please provide the date the petition was
         filed and the date of result and citation, if known

                       Not applicable

      (1) Name and address of lawyer who represented you      Not applicable

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒     No ☐

12. If your answer to 11 was "yes," give the following information:

(a) (1) Name of court  __First Department Appellate Division__

(2) Name and address of lawyer who represented you___ Pro Se _____

(3) Nature of proceeding _motions filed in direct appeal_____

(3) Grounds raised _Relieved of unauthorized stipulations; motion to strike_

_A.D.A. brief/portions; motion to relieve counsel with cause_

_(see record on direct appeal)_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☒

(5) Date motion was filed with the Court___ unknown _____

(6) Date and result of motion ___ April 6, 2010   (see exhibit E )__

(b) As to any second petition, application or motion give the same information:

(1) Name of court_____ Not applicable _____

(2) Name and address of lawyer who represented you___ Not applicable _____

(3) Nature of proceeding ___ Not applicable _____

(4) Grounds raised_____ Not applicable _____

_____

_____

_____

(5) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐          No ☒

(6) Date motion was filed with the Court_____ Not applicable _____

(7) Date and result of motion_____ Not applicalble _____

(c) Did you appeal to the highest state court having jurisdiction the decision on any petition, application or motion?

(1) First petition, etc.        Yes ☐        No ☒

(2) Second petition, etc.     Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

This petitioner was overwhelmed with litigation, and was also back -n- forth to Riker's Island in a Family Court proceeding to terminate my parental rights to my now 5yr old son, and therefore, was under a lot of stress, which is not not good for my chronic illness of A.I.D.S.(see sentence minutes on record)

13. **STATE EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD UNLAWFULLY . EACH GROUND SHOULD BE SET FORTH UNDER A SEPARATELY NUMBERED PARAGRAPH . IF YOU ARE RAISING THE SAME GROUNDS THAT YOU RAISED ON DIRECT APPEAL , YOU SHOULD ATTACH A COPY OF YOUR STATE COURT APPELLATE BRIEF OR ITS TABLE OF CONTENTS . YOU MUST EXHAUST YOUR STATE COURT REMEDIES ON EACH GROUND YOU ARE CLAIMING YOU ARE BEING HELD UNLAWFULLY.**

Ground(s):

Point I- Denied a full and fair hearing in which to litigate my 4th Amend claim, where the hearing court failed to reach the merits of my claim and failed to make an inquiry into my 4th Amend. claim. (see exhibit F )

Point II- Counsel was ineffective having not consulted with me prior to suppression hearing, except for a period out of time alloted by hearing court. (see exhibit F )

Point III- HEARING COURT FAILED TO MAKE IMPARTIAL AND ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATING TO THE STRIP SEARCH CONDUCTED 1 hour or so later AFTER ARREST

_____

_____

_____

(attach additional papers as necessary)

14.     **TIMELINESS OF PETITION:** If your judgment of conviction was made final over one-year ago, you must set forth below why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.*

Petition is timely filed with the statute of limitations of 1 year.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered  through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review  with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

15. Do you have a petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

(a) If so, give the name and location of court in which the petition or appeal is pending  _Not applicable_

_____

16. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:  _Not applicable_

_____

(b) Give date and length of the above sentence:  _Not applicable_

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_February 18, 2012_
          (date)

_D'Juan Collier_
Signature of Petitioner

_#08A4646_
          Inmate Number
_Fishkill Corr. Facility_
_Box 1245_
_Beacon, N.Y. 12508_
          Address

I declare under penalty of perjury that on _February 20, 2012_, I delivered this petition to prison authorities to be
          (date)
mailed to the United States District Court for the Southern District of New York.

_D'Juan Collier_
Signature of Petitioner

EXHIBIT:A

Saxe, J.P., Nardelli, McGuire, Freedman, Abdus-Salaam, JJ.

3287      The People of the State of New York,          Ind. 5529/07
                               Respondent,

                    -against-

             D'Juan Collins,
                  Defendant-Appellant.
_____

Patrick Michael Megaro, Hempstead, for appellant.

D'Juan Collins, appellant pro se.

Robert M. Morgenthau, District Attorney, New York (Olivia Sohmer
of counsel), for respondent.
_____

      Judgment, Supreme Court, New York County (Rena K. Uviller,

J. at hearings and waiver of counsel; Lewis Bart Stone, J. at

jury trial and sentence), rendered August 15, 2008, convicting

defendant of criminal possession of a controlled substance in the

third and fifth degrees, and sentencing him, as a second felony

drug offender whose prior felony conviction was a violent felony,

to an aggregate term of 8 years, unanimously affirmed.

      Before permitting defendant to waive his right to counsel,

the hearing court conducted a thorough inquiry, ensuring that

defendant was aware of the disadvantages and risks of

representing himself and of the important role of a lawyer (see

People v Arroyo, 98 NY2d 101 [2002]; People v Smith, 92 NY2d 516,

520 [1998]).  Moreover, even though defendant had no right to

10

hybrid representation (*see People v Rodriguez*, 95 NY2d 497, 501 [2000]), the court permitted defense counsel to remain as a legal advisor and to conduct portions of the trial.  There is nothing in the record to indicate that the court should have inquired into defendant's mental condition.  To the extent that defendant is arguing that he had insufficient time to consult with counsel before deciding to represent himself, that counsel was unprepared, or that the court should have assigned new counsel, those contentions are without merit.

The trial court did not shift the burden of proof when, during defendant's pro se cross-examination of a detective, it admonished defendant to stop making unsworn statements of fact based on his asserted personal knowledge.  Defendant was not entitled to use his pro se status to violate rules of evidence and procedure (*see Faretta v California*, 422 US at 834, n 46). The court's admonitions were responsive to defendant's attempt to be an unsworn witness, and were not prejudicial.  Even if the jury understood the court to have suggested, while addressing defendant in the jury's presence, that defendant would be testifying, any error was harmless in view of the court's thorough instructions to the jury on the burden of proof. Moreover, defendant did testify.

Defendant's challenges to the constitutionality of the court's interested witness charge are unpreserved and we decline

to review them in the interest of justice.   As an alternative holding, we also find there was no constitutional deficiency in the charge (*see Reagan v United States*, 157 US 301, 305-311 [1895]; *Hicks v United States*, 150 US 442, 451-52 [1893]; *People v Blake*, 39 AD3d 402, 403 [2007], *lv denied* 9 NY3d 873 [2007]).

    We have considered and rejected the claims contained in defendant's pro se supplemental brief.

                THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

                        ENTERED:   OCTOBER 5, 2010

                                    _____
                                                CLERK

12

EXHiBiT: B

## TABLE OF CONTENTS

Statement Pursuant to Rule 5531                                          i

Certificate of Compliance                                              ii

Note of Issue                                                          iii

Table of Authorities                                                 iv,v

Preliminary Statement                                                   1

Questions Presented                                                     2

Statement of Facts                                                      3
    Introduction                                                        3
    Suppression Hearing and Waiver                                    3,4
    of counsel
    Direct Exam: Det. Slater                                         4,5
    Cross Exam: Det. Slater                                            5
    Direct Exam: P.O. Tullo                                            5
    Cross Exam: P.O. Tullo                                             6
    Re-Direct: P.O. Tullo                                              6
    Defendant-Appellant's Oral Argument                             6,7
    The People's Oral Argument                                        7
    Hearing Court's Findings                                          7
    and Conclusion

Argument
    Point I- Counsel for Defendant-Appellant was                      8
    ineffective by having only consulted with
    Defendant-Appellant for 1 hour and 20mins.
    throughout his appointment of Defendant-
    Appellant's case, prior to suppression hearing
    depriving Defendant-Appellant of his U.S. Const.
    6th, 14th amend.; N.Y. Const. art. 1 §6, 1 §12

    Point II- Defendant-Appellant was deprived of his                16
    "due process" rights to a full and fair hearing
    in which to litigate Defendant-Appellant's 4th
    amend. claim , thereby depriving Defendant-
    Appellant of his U.S. Const. 4th, 14th; N.Y.
    Const. art. 1 §6, 1 §12

        A. Improper Burden Shifting                                   21

        B. Appellant's Presumption on                                 26
           Oral Argument

        C. Conclusive Presumption                                     28

        D. Hearing Judge's Findings                                   32
           and Conclusion

Conclusion                                                         37,38

Exhibits
                                                                      39

EXHIBIT:C

D'Juan Collins #08A4646
Fishkill Corr. Facility
Box 1245
Beacon, N.Y. 12508

Hon. Jonathan Lippman
Chief Judge, Court of Appeals
Court of Appeals Hall
20 Eagle St.
Albany, N.Y. 12207

Attn: Clerk, Stuart M. Cohen          <u>People</u> v. <u>Collins</u>

New York County
Ind. No. 5529/07

Dear Judge J. Lippman,

    Pursuant to Criminal Procedure Law §460.20(1),(2)(a)(i);
(3)(b);(4), defendan-appellant, proceeding pro se am submitting
this letter seeking permission to appeal to the Court of
Appeals in the above case, from an order of the Appellate
Division, First Department, affirming the judgment of
conviction, of the New York Supreme Court, without opinion
on appellant's pro se supplemental brief, on October 5, 2010.
(see attatched: Decision & Order, dated October 5, 2010)

    On August 15, 2008, appellant was convicted of criminal
possession of a controlled substance in the third degree, with
intent to sale and in the fifth degree, criminal sale of a
controlled substance in the third degree, was dismissed, due to
the jury being hung on that count and a partial verdict
rendered over objection by appellant.

    Appellant was sentenced as a second felony drug offender
with a prior violent felony, to an aggregate term of 8 years,
and 3 years post release supervision.

    I am enclosing copies of the A.D.A. Olivia Sohmer's
answering brief and appellant's pro se supplemental brief that
was filed in the Appellate Division First Department, motions

were also filed in connection with the above case, but will
not be submitted at this time, appellant respectfully request
that a reservation of right to submit such motions at a later
time, should leave to appeal be granted.

No application for the same relief has been addressed to
a justice of the Appellate Division or any other court.

Appellant respectfully request for a oral hearing on the
application  in person or by telephone conference.

Appellant contends that there exist questions of law that
ought to be reviewed by the Court of Appeals, which were raised
in the court below, those issues are as follows:

1. Whether counsel's only consultation with appellant
   that occurred for a period , out of an hour and
   twenty minutes, upon adjournment of the suppression
   hearing, prior to appellant's waiver of counsel,
   fell below the standards of both state and federal
   precedents, thereby depriving appellant of his right
   to have assistance of counsel, thereby depriving
   appellant of his due process rights, in violation
   of N.Y. State Constitution Article 1 §6; U.S.
   Constitution 6th and 14th Amendment; People v. Baldi,
   54 N.Y.2d 137, (1981), (see also, People v. Henry,
   95 N.Y.2d 563, 566, (2000)); Washington v. Strickland,
   466 U.S. 668,691,(1984)(see Point I Pro Se Brief)

2. Whether appellant's due process rights were violated
   during the suppression hearing, where cumulative and/or
   fundamental errors occurred, which further worked to
   deprive appellant of his 4th amendment claim and motion
   to suppress certain evidence, to wit "crack" cocaine
   being denied, in violation of N.Y. State Constitution
   Article 1 §§6,12; U.S. Constitution 4th and 14th
   Amendment  and contrary to clearly established statutory
   mandates and state and federal precedents.
   (see Point II and supts. of Pro Se Brief)

A.  Whether the A.D.A. deprived appellant of his due
    process rights, when the A.D.A. failed in their
    function as a prosecutor to stimulate efforts for
    remedial action to return appellant to his status
    quo, when the A.D.A. knew or should've known of
    of the police conduct in conducting a warrantless,
    visual cavity search upon appellant, not incident to
    arrest, nor exception to the warrant requirement was
    present, which appellant contends was unlawful, which
    further worked to deprive appellant of his 4th
    amendment and whether the A.D.A. failed to establish
    their burden in going forward by failing to establish
    the legality of police conduct in conducting a
    warrantless, visual cavity search and whether the
    A.D.A improperly shifted the burden to appellant to
    prove the illegality of the police conduct, in
    violation of N.Y. State Constitution Article 1 §§6,12;
    U.S. Constitution 4th and 14th Amendment; and
    contrary to state precedent, People v. Malinsky,
    15 N.Y.2d 86, 91 n.2, (Ct.App. 1965); Stoner v.
    California, 376 U.S. 483, 486, (1964);
    (cf. Roberts v. St. Francis Hospital, 96 A.D.2d 272,
    718, (A.D. 3 Dept. 1983); ABA Standards for Criminal
    Justice Prosecutor Function standard 3-1.2 (c)(d)

B.  Whether appellant raised a presumption that a search
    warrant was needed to conduct a visual cavity search
    not incident to arrest nor exception to the warrant
    requirement was present, if so, whether the A.D.A.
    failed to overcome appellant's presumption, if so
    whether appellant's due process rights were violated
    when the hearing court denied appellant's motion to
    to suppress evidence, to wit, "crack" cocaine,
    thereby depriving appellant of his 4th amendment

right, when appellant's presumption was deemed as
a substantive rule of law, expressed in the rules
of evidence, that a search warrant was in fact
needed to conduct a visual cavity search, not
incident to arrest, nor was an exception to the
warrant requirement present. N.Y. State Constitution
Article 1 §§6,12; U.S. Constitution 4th and 14th
Amendment; <u>Prince Richardson on Evidence</u>,
10th Ed. §57

C.   Whether the hearing court failed to make impartial
and adequate findings of fact, regarding the
warrantless, visual cavity search, not incident to
arrest, nor exception to warrant requirement was
presented in the hearing court below, and whether
the hearing court failed to make any conclusions of
law, and whether the hearing court failed to state
it's reason for it's determination, in accord with
statutory mandates of Criminal Procedure Law
§710.60 (4)(6); and N.Y. State Contitution
Article 1 §6; U.S. Constitution 14th Amendment

D.   Whether appellant was denied a full and fair hearing
in which to litigate appellant's 4th amendment claim,
where the hearing court failed to reach the merits
of appellant's 4th amendment claim, which was
tendered by appellant, nor did the hearing court
make any inquiry into appellant's 4th amendment claim,
in violation of N.Y. Constitution Article 1 §§6,12;
U.S. Constitution 4th and 14th Amendment; and contrary
to clearly established federal precedent,
<u>Stone</u> v. <u>Powell</u>, 428 U.S. 465, 489-495 n.36 (1976);
(cf. <u>Townsend</u> v. <u>Sain</u>, 372 U.S. 293, 313-314 (1963))

E.   Whether the hearing court failed to be watchful for any stealthy encroachments of appellant's constitutional rights, by failing to accord appellant judicial due process, in light of the cumulative and/or fundamental errors that occurred throughout the mode of proceedings, and has tainted the entire criminal process, and undermines the integrity of the judicial process and is contrary to the fundamental principles of due process and clearly established federal precedent.
N.Y. Constitution Article 1 §§6,12; U.S. Constitution 4th and 14th Amendment; Mapp v. Ohio,367 U.S. 643, 647-648, (1961)

3.   Whether it was error or an abuse of discretion as a matter of law of the court below, after had considered appellant's pro se supplemental brief (PSSB) then reject appellant's PSSB in it's entirety, given the above issues raised herein. N.Y. State Constitution Article 1§6; U.S. Constitution 14th Amendment

This letter constitutes my full leave application, though appellant states that there were pro se motions filed in connection with appeal on the record of appeal, but due to appellant's indigency can't make the necessary copies and added postage that would be needed, and therefore appellant respectfully request a reservation of right to present the rest of the record at a later or time, or that the court obtain the full record on appeal for review.

Appellant respectfully request, that this court advise appellant of the judge designated to decide this application.

In addition, appellant respectfully request a copy of of this court's rules and any all pertinent documents, needed to effectuate the appeal, should it be granted, thanking you in advance, for your cooperation and time in this matter.

cc:District Attorney
   Cyrus Vance Jr.
   1 Hogan Pl.
   N.Y., N.Y. 10013

Respectfully submitted,

D'Juan Collins #08A4646

EXHIBIT: D

# State of New York
# Court of Appeals

BEFORE:  HON. CARMEN BEAUCHAMP CIPARICK,
Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

D'JUAN COLLINS,

Appellant.

**CERTIFICATE
DENYING
LEAVE**

I, CARMEN BEAUCHAMP CIPARICK, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to CPL 460.20 and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated:   *February 24, 2011*
at New York, New York

_____
Associate Judge

* **Description of Order:**    Order of the Appellate Division, First Judicial Department, entered October 5, 2010, affirming a judgment of the Supreme Court, New York County, rendered August 15, 2008.

EXHIBIT: E

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on April 6, 2010.

Present: Hon. Angela M. Mazzarelli,        Justice Presiding,
              David B. Saxe
              Eugene Nardelli
              Sheila Abdus-Salaam
              Nelson S. Román,              Justices.

---------------------------------------X
The People of the State of New York,

                                                 M-10
                    Respondent,                  M-387
                                                 M-422
          -against-                    Index No. 5529/07

D'Juan Collins,

              Defendant-Appellant.
---------------------------------------X


     An appeal having been taken from the judgment of the
Supreme Court, New York County, rendered on or about August 15,
2008,

     And an order of this Court having been entered on June 23,
2009 (M-2437), inter alia, granting defendant leave to file a pro
se supplemental brief in connection with the aforesaid appeal,

     And defendant having moved for an order extending the time
in which to file a pro se supplemental reply brief (M-10),

     And defendant having moved for an order relieving retained
appellate counsel and striking certain portions of the People's
brief (M-387),

     And retained counsel Patrick Michael Megaro, Esq. having
moved to be relieved from representation of defendant (M-422),

     Now, upon reading and filing the papers with respect to the
motions, and due deliberation having been had thereon,

(M-10/M-387/M-422)                -2-                April 6, 2010


        It is ordered that motion (M-10) is granted to the extent
of directing defendant to serve and file 10 copies of his pro se
supplemental reply brief on or before July 12, 2010 for the
September 2010 Term, to which Term the appeal is adjourned.  The
appeal will not be heard unless and until all material furnished
to appellant have been returned.  So much of appellant's motion
(M-387) which seeks to relieve retained counsel is denied, as
unnecessary, and so much thereof which seeks to strike portions
of the People's brief is denied.  Retained counsel's motion to be
relieved (M-422) is denied, as unnecessary.  (See M-5766, decided
simultaneously herewith.)


                         ENTER:

                                   Clerk.

EXHIBIT: F



1

```
 1    SUPREME COURT          NEW YORK COUNTY
      TRIAL TERM             PART 72
 2    --------------------------------------x
      THE PEOPLE OF THE STATE OF NEW YORK:  INDICTMENT #
 3                                       :    5529-07
                                         :
 4              AGAINST                  :  CHARGE:
 5                                       :  CSCS
      DJUAN COLLINS,                     :
 6                       Defendant.      :
      --------------------------------x Hearings
 7
                              100 Centre Street
 8                            New York, New York 10013
                              May 20, 2008
 9

10
      B E F O R E:
11
                         HONORABLE RENA UVILLER,
12                         Justice of the Supreme Court

13

14    A P P E A R A N C E S:

15
      For the People:      ROBERT MORGENTHAU ESQ.,
16                         New York County District Attorney
                           One Hogan Place
17                         New York, New York 10013
                           BY:   JOSEPH PERRY,
18                         Assistant District Attorney

19

20    DJUAN COLLINS, PRO SE

21    HERSHEL KATZ, ESQ.
      LEGAL ADVISOR
22    100 Lafayette Street
      New York, New York
23

24

25
```

                        Mitchell Whitelaw
                Senior Court Reporter, CSR, CRR

Colloquy

1    years post-release supervision and waiver of

2    appeal.

3              THE COURT: This is four and a half?

4              MR. PERRY:  Yes.

5              THE COURT: Mr. Collins, here is the

6    story.   You want the plea, you have it.  If

7    you don't, it's withdrawn and we start the

8    hearing right now.   So talk to your lawyer and

9    tell me what you want to do.

10             (At which time the defense counsel

11   confers with the defendant.)

12             THE COURT: Do we have a plea or not?

13   Are we ready to go?

14             (At which time the defense counsel

15   confers with the defendant.)

16             THE DEFENDANT:   Your Honor--

17             THE COURT: No, I want to know whether

18   there is plea or not.   We are ready to try the

19   case.   I see from the file that this is the

20   third attorney and we are ready to go.   Do you

21   wish to plead, tell your lawyer.

22             (At which time the defense counsel

23   confers with the defendant.)

24             (Pause in the proceedings)

25             THE COURT: Yes or no, do you wish to

Mitchell Whitelaw
Senior Court Reporter, CSR, CRR

Colloquy

1    plead, Mr. Collins?    This case has been

2    pending a long time.    I gather this is the

3    third attorney.    The case is trial ready and we

4    are going now.    Do you wish the plea?   If you

5    don't want it, that is perfectly fine, and I am

6    happy to give you a hearing and trial.    Yes or

7    no.    That's the end, what do you wish?

8                 THE DEFENDANT:    Your Honor, in all

9    fairness, please, I have not had a chance to

10   even discuss my case with my attorney on May

11   1st.    We were suppose to sit down and talk

12   about my case and about a defense.

13                 THE COURT: Mr. Katz, have you

14   discussed the case with him?

15                 MR. KATZ: Judge, on that date I tried

16   to see him.    The pens were filled at the

17   time.    I was informed later on when he became

18   available, I would speak to him.    He raised

19   issues again that he had with his previous

20   counsel, about wanting to see the actual

21   signature on the grand jury minutes.

22                 He also said he didn't threaten his

23   previous attorneys, and I spoke to them.    It

24   may not be true, but in any event, I tried to

25   discuss what his defense will be.    As The Court

Colloquy

1    knows, I tried literally hundreds of buy and

2    bust cases.

3                THE COURT: I'm not interested in the

4    history.  This is his third attorney.  Have you

5    all the Rosario?

6                MR. KATZ: Yes, and I reviewed it.  I

7    had it for at least close to a month now.   I

8    reviewed it thoroughly.

9                THE COURT: Call the witness:

10               THE DEFENDANT:   Your Honor--

11               THE COURT: Call the witness.  We are

12   ready to go.   This is the third lawyer.  We

13   are going forward now.  Once the officer comes

14   in, the offer is gone.  So, you tell me right

15   now, Mr. Collins.

16               THE DEFENDANT:   Your Honor, he

17   hasn't talked to me about a possible defense.

18   I can't go to trial with this attorney.

19               THE COURT: Would you please tell me

20   what the history is in this case in terms of

21   attorneys?

22               MR. PERRY:  This is the third

23   attorney appointed for the defendant.   This

24   case began in October of 2007.   Legal Aid at

25   the Criminal Court arraignment was assigned.

Mitchell Whitelaw
Senior Court Reporter, CSR, CRR

Colloquy

1    That attorney was Candace Kurtz.   She

2    represented the defendant at the Supreme Court

3    arraignment in Part 81, and a motion schedule

4    was set by the judge.

5          On the decision date, Miss Kurtz made

6    aware to the calendar Judge, Judge Scherer,

7    that the defendant had been threatening her,

8    and during an off calendar discussion about the

9    case, and, in fact, when the case was put over

10   for hearing and trial, Miss Kurtz did not go to

11   court because she felt she would be

12   threatened.   A stand in Legal Aid attorney

13   named Thomas Klein stood on Miss Kurtz's behalf

14   and explained to Judge Scherer the

15   circumstances.

16         She relieved Miss Kurtz on that day

17   and the case was put over for an 18B attorney

18   to be assigned.   That attorney was Sema Ayer.

19   She took over the case.   I gave her all the

20   materials in advance so that she could have

21   discussions with Mr. Collins.

22         The case was then-- I was ready for

23   trial on March 7th of this year.   Judge Scherer

24   sent it out to Part 95, Judge Conviser.   We

25   were about to commence the hearing after an

1    offer was not taken at that point, and then in

2    open court it was clear that the defendant was

3    physically threatening Miss Ayer.    Judge

4    Conviser, it was in the morning, sent the

5    defendant to the back and the case was recalled

6    at 2:15.

7                We had a discussion with Judge

8    Conviser, and in his discretion he decided to

9    relieve Miss Ayer and then the case was put

10   back in the calendar part, Part 81, at which

11   point Judge Shcerer assigned Mr. Katz.    So

12   I've seen it as well as heard about it from the

13   two lawyers.

14               THE COURT: There will be no change of

15   attorneys.    Now, you say you want to talk to

16   him about your defense.    You have until

17   2:00.    It is twenty to one now, and at 2:00

18   the officer is going to walk in--    And your

19   officers are here?

20               MR. PERRY:  Yes.

21               THE COURT: Once the officers come in

22   and take that stand, the offer is gone.    You

23   will talk to him at 2:00 and I'm telling you,

24   Mr. Collins, you are not getting a different

25   attorney under any circumstances.    I will see

Colloquy

1    you at two p.m..

2                    THE DEFENDANT:   In all fairness--

3                    THE COURT: Two p.m., thank you.

4                    THE DEFENDANT:   All right.

5                    THE CLERK: The case is adjourned.

6                    THE DEFENDANT:   Thank you, Your

7    Honor.

8                    THE COURT: Mr. Katz, you want to

9    speak to him now?

10                   MR. KATZ: No.

11                   THE COURT: Tell me where you can talk

12   to him?

13                   MR. KATZ: I'll go through Corrections

14   through the first floor, so I don't have to

15   worry about being locked in the courtroom.

16                   THE COURT: When will you do it?

17                   MR. KATZ: I'll do it now.

18                   THE COURT: If he doesn't want to

19   speak to you, he will go without speaking to

20   you.

21                   THE DEFENDANT:   That's all I want to

22   do is speak to him and want a fair trial.

23                   (At which time the hearing adjourned

24   until 2:00 p.m.)

25                   A F T E R N O O N   S E S S I O N

1      THE COURT: This is a recall of the

2  People vs Collins a continued hearing.  The

3  appearances were previously noted.   Is there a

4  plea or not?

5      THE DEFENDANT:   No, Your Honor.

6      THE COURT:  Let's bring in the

7  witness.

8      THE DEFENDANT:   Excuse me, Your

9  Honor.

10      THE COURT: Bring in the witness.

11      THE DEFENDANT:   I suggested to my

12  attorney I wanted to proceed pro se.

13      THE COURT: Let me say this to you,

14  Mr. Collins, have you been to trial before?

15      THE DEFENDANT:   Yes, I have, Your

16  Honor.

17      THE COURT: Have you represented

18  yourself?

19      THE DEFENDANT:   That I have not,

20  Your Honor.

21      THE COURT: How far did you go in

22  school?

23      THE DEFENDANT:   I have some

24  para-legal experience and I have a G.E.D., Your

25  Honor.

Tullo-People-Cross

1          from our supervisor and a photocopy is made by

2          the arresting officer.    The arresting officer

3          then copies a photocopy of that to determine

4          later if any money recovered from the defendant

5          is pre-recorded buy money.

6              Q.    Okay, so, then the supervisor who issues

7     the money will also have the signature at the bottom

8     of the pre-recorded buy money to ensure it came from

9     the supervisor that he issued it, correct?

10                 THE COURT: In other words, after the

11         money is xeroxed.

12                 THE WITNESS: That is up to the

13         arresting officer which I wasn't.  So, I really

14         don't have that knowledge of that day.    I

15         wasn't the arresting officer.

16             Q.    Did you personally hear the transmission

17    that was received?

18             A.    You have to clarify that.

19                 THE COURT: Did you hear any

20         transmissions regarding narcotics sales between

21         an undercover and Mr. Collins, did you

22         personally hear any transmissions?

23                 THE WITNESS: No.

24             Q.    So, you was acting on the strength of the

25    arresting officer's reliability, basically?

Mitchell Whitelaw
Senior Court Reporter, CSR, CRR

Tullo-People-Redirect

1      A.    That's how it works when you are not the

2    arresting officer.

3      Q.    Okay, so, okay.   Okay, I guess have no

4    further questions, Your Honor.

5               THE COURT: Thank you.   Anything else?

6    REDIRECT EXAMINATION

7    BY MR. PERRY:

8      Q.    One question, officer.   Were you

9    instructed to conduct this strip search of the

10   defendant?

11     A.    Yes.

12     Q.    Who instructed you to do that?

13     A.    My supervisor.

14     Q.    Who is your supervisor?

15     A.    Sergeant Henry.

16               THE COURT: Thank you very much.

17               (WITNESS EXCUSED)

18               THE COURT: Any further witnesses by

19   the prosecution?

20               MR. PERRY:  No Your Honor.

21               THE COURT: Any further witnesses?

22               MR. COLLINS: I don't have any

23   witnesses, Your Honor.

24               THE COURT: That is all right.   Both

25   sides have rested.   Mr. Collins, you want to

Argument

1    be heard on the motion?  Do you wish to be
2    heard on the motion?
3              MR. COLLINS: On the motion?
4              THE COURT: The motion to suppress.
5              MR. COLLINS: Yes.
6              THE COURT: I'll hear you now.
7              MR. COLLINS: Okay, Your Honor, at
8    this time the People have failed to prove
9    probable cause for an arrest in that the
10   arresting officer and the undercover officer
11   stated, or the arresting officer stated that he
12   didn't have information of a positive buy as
13   far as the drugs is concerned, because the
14   field test wasn't conducted until 7:15, and
15   it's been his experience that sometimes in his
16   experience that fake drugs are bought, and they
17   had no basis for the conclusion for they
18   assuming a crime had been committed, Your
19   Honor.
20             And I would move to suppress also the
21   drugs, the alleged drugs that was received from
22   the defendant, and that it violates the
23   defendant's constitutional rights of the 4th
24   Amendment against illegal search and seizures,
25   which there was never evidence-- whenever

Argument

1      evidence comes into-- whenever-- Excuse me,

2      hold on for a second.  I can't free style that.

3                     THE COURT: You are doing very well.

4                     (Whereupon, there was a pause in the

5      proceedings.)

6                     MR. COLLINS: I would move to suppress

7      the physical evidence that was received in Wong

8      Son versus the United States.  That Court has

9      held that evidence seized during an unlawful

10     search could not constitute proof against a

11     victim of a search, and that exclusionary

12     prohibition extends as well as to indirect and

13     a direct product of such invasions.

14                     And also under Wong Son The Court

15     stated that all evidence which the product has

16     come at the exploitation of official misconduct

17     can have no independent source, if it is

18     independent and derived in violation of the

19     defendant's 4th Amendment rights.  It must be

20     excluded no matter how reliable, if it is

21     directly traceable to or is casually related to

22     unlawful official behavior.  This would include

23     the plastic bag also.

24                     Even where there is a clear

25     indication that incriminating evidence will be

Argument

1    retrieved, if they violate intrusion, violate

2    bodily intrusion where permitted, a search

3    warrant is required absent the emergency for

4    such a search, to be permissible under the 4th

5    Amendment, Your Honor.

6            THE COURT: Counsel.

7            MR. PERRY:  I would ask that The

8    Court find both Officer Slater and Officer

9    Tullo credible witnesses and experience members

10   of the New York City Police Department.

11           They testified before you, Your

12   Honor, in a straight forward manner.  The case

13   law states that officers are entitled to rely

14   upon radio transmissions.  Here Detective

15   Slater testified he received detailed

16   descriptions from both the ghost officer,

17   Undercover 29755, indicating the description of

18   the defendant, the location, where the

19   conversation between the defendant and the

20   primary undercover 7422 took place.

21           Detective Slater was entitled to rely

22   upon the observations of these officers.  He

23   received radio communications both from the

24   undercover and the ghost officer of the

25   positive buy.  For these reasons, I would ask

Argument

1    that The Court find that Detective Slater had

2    probable cause to arrest the defendant.   The

3    arrest took place within five minutes of the

4    transaction.   The defendant was located in the

5    same location at 2612 Broadway where the

6    transaction between the primary undercover and

7    the defendant took place.

8              It is the People's position there was

9    probable cause to make the arrest.   I ask The

10   Court to find that the items recovered from the

11   defendant were searched incident to a lawful

12   arrest.

13             At the scene because of the

14   undercover indicating that a drug sale had

15   taken place, the arresting officer properly

16   searched the defendant and recovered not only

17   twenty dollars of pre-recorded buy money, but

18   as well eleven additional dollars in US

19   currency and two cellphones.

20             Further, Detective Slater did a pat

21   down of the defendant, and that pat down

22   revealed there was a plastic, something that he

23   felt that was plastic in the defendant's crotch

24   area which is consistent with the primary

25   undercover's testimony, or communication of

Argument

1    where the defendant had gone to reach into his

2    crotch area to give the primary undercover the

3    two twists of cocaine he asked for.

4              I ask The Court in addition to find

5    that the search at the scene-- at the precinct

6    was proper.   Both officers testified that it's

7    not proper police procedure to conduct a strip

8    search of a defendant at a scene, and it was

9    proper for the police to wait to transport the

10   defendant to the precinct to conduct that

11   further search, so as not to violate the

12   defendant's privacy rights.   I ask that the

13   motion be denied in all respects.

14             THE COURT: The following constitutes

15   the findings and conclusions of The Court:

16   Mr. Collins has been indicted for a felony drug

17   offense.   He has moved to suppress contraband

18   found upon his person, as well as some currency

19   and some cellphones.

20             The hearing was held on this date.

21   I heard from Detective John Slater and Police

22   Officer Tullo, and based upon their credible

23   testimony I find that both officers are

24   experienced narcotics officers who have worked

25   in Manhattan Narcotics North for many years.

Decision

On October 21st, 2007, they were part
of a buy and bust team which included the
primary undercover number 7422 and the
so-called ghost or secondary undercover,
29755.  Detective Slater had worked with these
officers for a substantial period of time and
was familiar with their voices on the
transmitters.

At about 5:35 in the evening on the
date in question, Detective Slater who was
designated the arresting officer, received a
telephone communication from the Ghost 29755
advising that the primary undercover 7422 was
engaged in a conversation in front of 2612
Broadway, which is about 112th Street, and the
ghost communicated that the primary undercover,
the person to whom he was speaking, was
described as a male black between thirty-five
and forty years of age, approximately
five-foot-ten, approximately 160 pounds,
wearing a black bandana on his head, wearing a
white T-shirt and gray sweets with white
sneakers and glasses and wearing the bandana in
a so-called Tupac Shakur style.

Within two minutes he received a

Decision

1    second communication, one on his point-to-point

2    radio from the ghost indicating a positive buy,

3    and also from the undercover on his Kel

4    indicating that there was a positive buy.   And

5    in the experience of these officers that meant

6    a narcotics transaction has occurred.

7            Detective Slater was in his vehicle

8    on 97th Street and Broadway.   He drove

9    immediately to the location near 112th Street,

10   and there he observed Mr. Collins who was the

11   only person fitting the description that came

12   over the Kel.

13           Detective Slater identified himself

14   as a police officer and handcuffed Mr.

15   Collins.   Within a few minutes or more than

16   five, he received a communication on the

17   point-to-point from the primary undercover

18   indicating that it is a positive signifying

19   that the person arrested was the person from

20   whom he had purchased narcotics.

21           At that point the detective searched

22   or patted down Mr. Collins and retrieved

23   currency including twenty dollars in

24   pre-recorded buy money and two cellphones.

25   During the course of the pat down he felt a

Decision

1    plastic semi soft object in Mr. Collins's groin

2    area.   He did not search him at that point

3    because of the policy of the department, which

4    was that any search that was going to involve

5    invasion of the defendant's private body parts,

6    should not be done on the street.

7            The defendant was placed in the van,

8    and back at the precinct at about 7:15 or so

9    Officer Tullo conducted a strip search in the

10   privacy of the bathroom at the precinct, and in

11   the groin area he recovered a plastic bag

12   containing thirteen smaller so-called twists of

13   narcotics.

14           Based upon the foregoing, the search

15   was based upon probable cause.   The officer,

16   the arresting officer was entitled to rely on

17   the communication of two experienced undercover

18   narcotics officers, that a purchase had been

19   made.   The defendant fit the description and

20   was in the precise location at 2612 Broadway

21   that had been communicated to him.

22           His arrest was based upon probable

23   cause.   Certainly the detention until the

24   primary undercover confirmed his identity, was

25   appropriate, and upon the confirmation by the

Mitchell Whitelaw
Senior Court Reporter, CSR, CRR

Decision

1    primary undercover, the search was made and the

2    cellphones and the money were recovered

3    pursuant to that arrest, and the search at the

4    precinct later was appropriate under the

5    circumstances.

6           Accordingly, the motion to suppress

7    is denied and an exception is noted.

8           Mr. Collins, did pretty well as his

9    own lawyer, but facts are facts.  So for now

10   this is going over till tomorrow.  I have to

11   find a part for it tomorrow.

12          MR. KATZ: Can we schedule it for 9:30

13   or 11:00?  I have to be in Brooklyn.

14          THE COURT: No later than 11:00.

15          MR. COLLINS: Your Honor, at this time

16   I would request to call witnesses on behalf of

17   the defense.

18          THE COURT: No, the hearing is

19   concluded.  I asked you if you had any

20   witnesses and you said you did not.

21          MR. COLLINS: I just took the case

22   today, Your Honor.

23          THE COURT: I'm sorry, that's the

24   ruling.  Okay, we will see you tomorrow

25   morning.  We will find a part for you.

Mitchell Whitelaw
Senior Court Reporter, CSR, CRR

Decision

1        MR. COLLINS: Return back here or are

2    you sending--

3        THE COURT: We will send it out from

4    here.

5        MR. COLLINS: Oh, man.

6        MR. KATZ:  Can the defendant get the

7    hearing minutes under 18B?

8        THE COURT: The defendant will get the

9    hearing minutes.   You'll get the hearing

10   minutes free of charge.

11       MR. COLLINS: Thank you.

12       (Case adjourned to May 21, 2008)

13       * * * * * * * * * * * * * * * * * * * * * * *

14

15   I hereby ceritfy the foregoing to be a true and
     accurate transcript.
16

17   MITCHELL WHITELAW
     SENIOR COURT REPORTER.
18

19

20

21

22

23

24

25

Senior Court Reporter, CSR, CRR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'Juan Collins

_(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)_

_____ Civ. _____ ( _ ) ( _ )

- against -

William J. Connolly

**AFFIRMATION OF SERVICE**

_(In the space above enter the full name(s) of the defendant(s)/respondent(s).)_

I, D'Juan Collins , declare under penalty of perjury that I have
           _(name)_

served a copy of the attached Federal Habeas Corpus § 2254
                                  _(document you are serving)_

upon Clerk of Court of S.D.N.Y. whose address is SDNY
        _(name of person served)_

Daniel Patrick Monynihan, U.S. Courthouse, 500 Pearl St. N.Y., N.Y. 10007
                          _(where you served document)_

by first class mail
     _(how you served document: For example - personal delivery, mail, overnight express, etc.)_

Dated: Beacon , NY
      _(town/city)_     _(state)_

February 20 , 2012
_(month)_  _(day)_ _(year)_

D'Juan Collins
Signature
Fishkill Facility
Box 1245
Address

Beacon, NY.
City, State

12508
Zip Code

_____
Telephone Number

_Rev. 05/2010_